```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
               Civil No. 06-4930(DSD)
             Criminal No. 05-67(DSD/SRN)
```

United States of America,

        Plaintiff,

v.                                                          **ORDER**

James Elliot Ward,

        Defendant.


This matter is before the court upon defendant's pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.


**BACKGROUND**

Defendant James Elliot Ward was charged by grand jury in a two-count indictment on March 8, 2005. Count 1 charged defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1). Count 2 charged defendant with possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On July 21, 2004, defendant pleaded guilty to count 1 of the indictment.

On December 15, 2005, the court sentenced defendant to the statutory mandatory minimum sentence of 180 months imprisonment. See 18 U.S.C. § 924(e). Prior to the sentencing hearing,

defendant's attorney objected on numerous grounds to the probation officer's calculation of the advisory guidelines and filed a sentencing position paper for the court's consideration.  At the sentencing hearing, defendant's attorney advocated that, among other things, defendant's prior offenses were not violent offenses for purposes of the armed career criminal act and that he did not possess the firearms in connection with a crime of violence.  The court rejected defendant's arguments and sentenced defendant as an armed career criminal.  The court determined that the applicable Sentencing Guidelines were a total offense level of 31 and a criminal history category of VI, which resulted in an advisory imprisonment range of 188 to 235 months.  However, the court sentenced defendant to 180 months of imprisonment based on a consideration of the factors set forth at 18 U.S.C. § 3553(a).  Although the government did not move for a downward departure pursuant to 18 U.S.C. § 3553(e) and Sentencing Guidelines § 5K1.1, in sentencing defendant the court took into account that defendant had provided the government certain information.  Defendant did not appeal his conviction or sentence.

On December 18, 2006, defendant moved to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 on the basis that he received ineffective assistance of counsel, in violation of the Sixth Amendment, because his attorney refused to research or pursue the viability of an entrapment defense,

summarily dismissed the applicability of the Supreme Court's decision in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), to defendant's case and failed to challenge certain sentencing enhancements.

**DISCUSSION**

### I.  Evidentiary Hearing

Defendant has requested an evidentiary hearing on his claims. However, an evidentiary hearing is not necessary on a § 2255 motion if the "motion, files and records of the case conclusively show that [he] is entitled to no relief."  28 U.S.C. § 2255.  In other words, a § 2255 motion can be dismissed without an evidentiary hearing if the defendant's allegations, accepted as true, do not entitle him to relief or "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact."  <u>Delgado v. United States</u>, 162 F.3d 981, 983 (8th Cir. 1998).  Upon a review of the file, record and proceedings herein, and the parties' submissions, the court concludes an evidentiary hearing is not warranted.

### II.  § 2255 Motion

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court.  28 U.S.C. § 2255; <u>see</u> <u>United States v. Addonizio</u>, 442 U.S.

3

178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Collateral relief is considered an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Defendant's claim that he received ineffective assistance of counsel is properly raised in a § 2255 motion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999).

To establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference. Id. at 689. Further, the court will not "second-guess trial strategy or rely on the benefit of hindsight." Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). In

reviewing counsel's performance the court does not ask whether counsel's decisions were "correct or wise," but rather determines whether the decision "was an unreasonable one which only an incompetent attorney would adopt." United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996) (internal quotations omitted).

Second, defendant must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.  In other words, defendant has the burden to prove that he likely would have prevailed on the issues had they been properly presented by his attorney. Anderson, 393 F.3d at 753-54.

### A.   Entrapment Defense

As to the entrapment defense, the court denied defendant's motion to suppress the evidence seized from his vehicle, which included three shotguns wrapped in a blanket behind the front seat, and denied defendant's motion to suppress the statement he made to law enforcement, which included an admission that he stole the shotguns from a residence.  Based on the court's denial of defendant's pretrial suppression motions, the content of defendant's statement and defendant's history of felony burglary convictions, defendant is unable to overcome the strong presumption that his attorney acted reasonably in declining to pursue an entrapment defense. See United States v. Brooks, 215 F.3d 842, 845

(8th Cir. 2000) (standard for entrapment defense). Moreover, defendant does not allege that but for his attorney's decision not to pursue an entrapment defense, he would not have pleaded guilty pursuant to the negotiated plea agreement in this case. Therefore, defendant's attorney was not ineffective for failing to research and argue an entrapment defense.

    B.    **Shepard v. United States**

As to defendant's second ground, in the Shepard decision the Supreme Court revisited and reaffirmed its decision in Taylor v. United States, 495 U.S. 575 (1990), in which the Court had held that a burglary constitutes a predicate violent felony for purposes of the Armed Career Criminal Act if it is a "generic burglary," that is, an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 125 S. Ct. at 1258 (internal quotations omitted). The court in Shepard held that in determining whether a burglary conviction is for a "generic burglary," the court limits its inquiry to the terms of the charging document, the plea agreement, a transcript of colloquy between judge and defendant that confirms the factual basis of the plea or a comparable judicial record. Id. at 1263.

In this case, prior to the underlying offense of conviction, Ward had pleaded guilty to four counts of burglary or attempted burglary that involved the unlawful entry of a home or building, all of which were in Hennepin County District Court, Minnesota.

(See PSR ¶¶ 29, 31, 32, 33.)  Specifically, he had been convicted of second degree felony burglary in 1995, 1997 and 1999 and attempted second degree felony burglary in 2003.  In addition, defendant was convicted of attempted second degree felony burglary in 1995 and attempted first degree felony burglary in 1996.  The Eighth Circuit Court of Appeals has held that attempted second degree burglary under Minnesota law falls within the "catch-all" provision of violent felonies for purposes of § 924(e)(2)(B).  See United States v. Solomon, 998 F.2d 587, 590 (8th Cir. 1993); see also United States v. Blahowski, 324 F.3d 592, 594-95 (8th Cir. 2003).  Based on defendant's criminal history, plaintiff has not established either prong of the Strickland test as a result of counsel's decision not to present an argument to the court based on Shepard.

### C. Sentencing Arguments

Although defendant argues that his attorney failed to contest an "eleven-point" enhancement, he refers to the application of a two-level enhancement pursuant to § 2K2.1(b)(4) because the firearms were stolen and a two-level enhancement pursuant to § 2K2.1(b)(5) for possession of the firearms in connection with another felony offense. Additionally, he refers to the application of § 4B1.4(b)(3)(A), which resulted in a base offense level of 34 under the armed career criminal provisions.  Following a three-level reduction for acceptance of responsibility, the adjusted

offense level of 31 under the armed career criminal provisions was five levels higher than the otherwise adjusted offense level of 29 under Chapters 2 and 3 of the Sentencing Guidelines. Collectively, defendant argues his attorney failed to argue against eleven points of enhancements.

Contrary to defendant's current motion, his attorney argued against sentencing defendant as an armed career criminal and argued that his prior felony offenses were not "violent felonies." The court rejected that argument because "a burglary conviction qualifies as a violent felony under § 924(e)(2)(B)" and for purposes of the § 4B1.4 armed career criminal enhancement. United States v. Sanders, 377 F.3d 845, 847 (8th Cir. 2004). Further, it was reasonable for defendant's attorney to not argue against application of the Chapter 2 enhancements because those enhancements were effectively rendered moot as a result of defendant's status as an armed career criminal. Moreover, defendant is unable to establish prejudice because the court did not ultimately sentence him pursuant to the advisory Sentencing Guidelines, but sentenced him to the mandatory statutory minimum term of imprisonment. Therefore, plaintiff has not established either prong of the Strickland test based on purported deficiencies in counsel's argument as to the applicable Sentencing Guidelines.

For all of the above reasons, defendant has not established that his counsel's representation rises to the level of ineffective

assistance set forth by Strickland.  Therefore, the court will not vacate, set aside or correct defendant's conviction or sentence on that ground.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside or correct sentence [Docket No. 53] is denied.

Dated:  March 20, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court